IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY MARROW, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 13-4777 |
| PENNSYLVANIA, EX AL, ETC., | : | |
|     Respondent. | : | |

ORDER

AND NOW, this 31st day of January 2014, upon consideration of Petitioner Tracy Marrow's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Doc. No. 1-1), the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Doc. No. 3), Petitioner's Objections to the Report and Recommendation (Doc. No. 4), and Petitioner's Amended Complaint (Doc. No. 5),[1] it is hereby ORDERED as follows:

1. The Report and Recommendation (Doc. No. 3) is APPROVED and ADOPTED.

    This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Petitioner Tracy Marrow objects to four parts of the Report and Recommendation.

    First, Marrow argues that his Petition should not be dismissed for failure to name the proper respondent. (Pet'r's Objections ¶ 10, Doc. No. 4.) This objection is moot because, regardless of whom Marrow names as respondent, we decline to exercise jurisdiction over Marrow's unexhausted federal-law claims, and may not exercise jurisdiction over his state-law claims.

    Second, Marrow objects to the finding that he failed to exhaust his state-court remedies. Marrow argues that he exhausted these remedies by filing a motion in July 2013 with the Court of Common Pleas of Philadelphia County that raised his speedy trial claims. (See Pet'r's Objections ¶ 11.) This objection is overruled because "the

---

[1] Marrow's "amended complaint" does not purport to make any substantive changes to his Petition; it merely names four additional respondents. (See Am. Compl. ¶¶ 2–4, Doc. No. 5.)

state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490–91 (1973) (holding, in a case filed under § 2241, that the petitioner "ha[d] exhausted all available state court remedies" where he had "made repeated demands for trial to the courts of [the state], offering those courts an opportunity to consider on the merits his constitutional claim of the . . . denial of a speedy trial," and the "state courts rejected the claim").  Marrow has not given the Pennsylvania courts a full opportunity to resolve his speedy trial claims.  Accordingly, Marrow has not exhausted his state-court remedies.  We decline to "permit the derailment of a pending state proceeding by [Marrow's] attempt to litigate constitutional defenses prematurely in federal court."  Braden, 410 U.S. at 493.

Third, Marrow objects to the finding that he has not presented an extraordinary circumstance excusing his failure to exhaust.  In support of this objection, Marrow argues the merits of his speedy trial claims.  (See Pet'r's Objections ¶ 12.)  However, even if Marrow is correct that a speedy trial violation has occurred, he has not established an extraordinary circumstance excusing his failure to exhaust.  See Moore v. DeYoung, 515 F.2d 437, 446–47 (3d Cir. 1975) ("perceive[ing] nothing in the nature of the speedy trial right to qualify it as a per se 'extraordinary circumstance' . . . which would warrant pre-trial, pre-exhaustion habeas corpus relief"); cf. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986) ("An exception is made to the exhaustion requirement [in 28 U.S.C. § 2254] only where the petitioner has no opportunity to obtain redress in the state court or where the state corrective process is so deficient as to render any effort to obtain relief futile.").  Marrow must present his speedy trial claims to the Pennsylvania courts before presenting them here.

Fourth, Marrow objects to the Report and Recommendation's finding that violations of state law are not cognizable under § 2241.  Marrow argues that his Petition presents cognizable, federal-law claims.  (See Pet'r's Objections ¶ 13.)  This objection is moot because, even if the Petition asserts federal-law claims, those claims are unexhausted.  For the reasons discussed in the preceeding paragraph, we decline to exercise habeas jurisdiction over Marrow's unexhausted claims.

2. The Petition (Doc. No. 1) is DISMISSED.  Specifically, Marrow's state-law claims are dismissed with prejudice, see 28 U.S.C. § 2241(c)(3), and his federal-law claims are dismissed without prejudice.

3. A certificate of appealability SHALL NOT issue.

4. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.